VAN BRUNT, P. J.
—This action was brought to recover the balance due upon a promissory note for $20,000, to secure 'which certain stock and bonds bad been pledged as collateral. The note fell due upon the 15th day of August, 1893, and was not paid. Certain of the collaterals were sold in the open market, by the consent of the defendants, and the sums realized thereon credited upon the note, and the 21st of August there’ remained due upon said note the balance of $10,155, for the payment of which the plaintiffs held certain collaterals. _ By the terms of the note, upon nonpayment at maturity, the plaintiff had full power and authority to sell, assign, and deliver the whole or any part of the securities at any brokers’ board, or at public or *597 private sale, at their option, at any time or times thereafter, with" out advertisement or notice, and to purchase at such sale or sales, freed or discharged of any equity of redemption. On the 30th of August, 1893, the plaintiff sold certain of these collaterals, at auction, at the Real-Estate Sales-Rooms, on Liberty street, after-having advertised the same. At this sale the securities brought very low prices, and were bought in by the plaintiff. This action having been brought to recover the balance due upon the note after having credited the amount realized upon the securities, the defendants alleged, as an answer to the plaintiff’s claim, that the plaintiff had made the sale above mentioned, wholly disregarding its duty in that behalf, and reckless of the rights of the defendants, and at a time when it was impossible to sell stocks and bonds in open market at anywhere near their actual value; and that said sales were not made with due and proper care, and not in the usual course of business, and at a time when it was impossible to get a fair market value for any stock or bonds, and at a time when no person, in the exercise of due business discretion, would sell his own stock; and that said stock and bonds were bought by plaintiff (except one bond) with scarcely any opposing bidding, at a price far below their actual value. There was no complaint in the defendants’ answer that due notice of the time and place of sale had not been given, nor that the sale had been duly advertised. Upon the trial, evidence was attempted'to be offered that the securities sold far below their actual value, and that they were bought in by the plaintiff: and it was argued that this evidence tended to show an intent to injure the defendants, upon the part of the plaintiff, in making the sale. This evidence was excluded, and an exception taken, and upon the termination of the trial a verdict was directed for the plaintiff, and from the judgment entered upon such verdict this appeal is taken.
It is claimed upon the part of the appellants that the exclusion of evidence showing the absence of due care in the sales of col-laterals was error ; and it is urged in support of this objection, that the plaintiffs had no light to sell the collaterals, in consequence of the condition of ihe market; that they must have known that the market would appreciate, and that they were bound to wait until the unusual depression had passed away. It is to be observed that the note for which the collaterals were pledged became due on the 15th of August, and no sale of these securities was made until the -30th of August, showing that the plaintiffs waited over two weeks for the payment of the note before they enforced their rights as against these col-laterals. They had a right to- sell without notice, and at any time. Instead of making a sale in that way, it appears, by implication at least, that notice was given, and ample time afforded to the defendants to take care of these securities, and they were sold in the only way in which the plaintiffs could have safely sold the securities, had it not been for the special-terms of the contract which they had entered into with the defendants at the time of the receipt of the note in question. Even if the plaintiffs were bound to wait a reasonable time before making the sale, which we by no *598 means admit, there is no evidence of any undue haste, but, on the-contrary, it appears that they exercised great deliberation before enforcing their rights, as against the defendant's, upon these securities. If they were bound to wait longer than two weeks, tliev might be required to wait two months; and could they ever tell when they could safely proceed with a sale? This was not the contract between the parties. The action of the plaintiffs was strictly within the terms of the contract, and hence the defendants have no reason for complaint.
It is urged that there was no necessity for selling this loan out 'at"such a time; that it was amply secured, and none of the securities were being unloaded on the market, and that they were in no immediate danger. But, upon such consideration, can a debtor obtain a forced loan from bis creditor ? Has not his creditor a right to collect when due, and can the debtor compel him to wait because .it is inconvenient to pay, and a bad time to realize upon his assets? We are not aware of any such rule.
It is further claimed that the exclusion of evidence which tended to show an intent to injure the defendants was error. It may be observed, in the first place, that no such defense was set up in the answer; and, in the next place, that no evidence was offered tending to show any such intent. The sole evidence was that the securities brought very low prices, and that the plaintiffs bought them in. The plaintiffs were pursuing their legal rights, and the defendants,, if they had chosen, eon Id have protected the securities, as they knew of the sale. We know of no' reason why a creditor may not enforce his legal rights, in a legal way at any time. There can be no presumption against a creditor who has proceeded with the deliberation and the regularity with which the plaintiffs in this action seem to have acted. '
It is further urged that the sale of the securities was illegal, for the reason that no demand of payment was made, and that the right to sell the collaterals did not accrue until after such demand. It is true that, in the case of Lewis v. Graham, 4 Abb. Prac. 106, such a rule was laid down. But it was not necessary to the decision of the case in question; and the rule was not supported by the case cited as an authority, namely, Wilson v. Little, N. Y. 4482. The rule, as stated in that case, was that, whére no time is expressly fixed by contract between the parties for the payment of a debt secured by a pledge, the pawnee cannot sell the pledgr with-; out a previous demand of payment. In the case at bar, there was a time expressly fixed, by contract between the parties, for the payment of the debt, namely, when the noté became due; and it will be observed, on a consideration of the cases where the question of demand and notice has been the subject (if discussion, that the two terms are used in the same sense, and that they are used where the necessity of notice is.the subject of adjudication, and then the phrase “demand and notice ” is employed. But, in all those cases, the question under discussion was whether the pawnee could sell his pledge without notice; and it was, of course, held that, in the absence of an express contract, he could not do it. In the case of Wilson v. Little, supra, the difference between a debt *599 due upon a certain day, and a debt without fixed date of payment, is borne in mind. In that case, notice had been waived, but demand had not been waived; and the court held that the pawnee ■could not sell without making a demand, there being no express time when the debt became due. This was undoubtedly a salutary rule. Where a debtor does not know when his money is to be called for, it would be exceedingly unjust that his securities should be sold behind his back, without his being notified that payment of his debt was expected. But this in no way applies to a case where a fixed time is expressly agreed upon, by the parties to a contract, for the payment o£ a debt, like the case at bar.
It would seem, therefore, that none of the rights of the defendants have been infringed by the action of the plaintiffs, and the judgment appealed from should be affirmed, with costs»
All concur»